**Robert TALBOT, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 17-70826**

United States Court of Appeals, Ninth Circuit.

Submitted December 18, 2017 *

Filed December 28, 2017

Peter Gibbons, Law Office of Gibbons & Associates, Carson City, NV, for Petitioner-Appellant

Robert Talbot, Pro Se

Thomas J. Clark, Supervisory Attorney, Gretchen M. Wolfinger, Attorney, DOJ—U.S. Department of Justice, Tax Division/Appellate Section, Washington, DC, William J. Wilkins, Chief Counsel, Internal

*See* Fed. R. App. P. 34(a)(2).

Revenue Service, Washington, DC, for Respondent-Appellee

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

## MEMORANDUM **

Robert Talbot appeals from the Tax Court's decision, following a bench trial, permitting the Commissioner of Internal Revenue to proceed with an action to collect Talbot's federal income tax liability for tax years 2001, 2003, 2004, and 2005. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo conclusions of law and for clear error questions of fact. *Johanson v. Comm'r*, 541 F.3d 973, 976 (9th Cir. 2008). We affirm.

The Tax Court properly determined that the Commissioner sent a final notice of deficiency to Talbot's last known address for each tax year in question. *See* 26 U.S.C. § 6212(b)(1) (a notice of deficiency addressed to the taxpayer's last known address suffices for purposes of notice); *United States v. Zolla*, 724 F.2d 808, 810 (9th Cir. 1984) (holding that Postal Form 3877 is highly probative and is sufficient, in the absence of contrary evidence, to show that the notice of deficiency was properly made).

We reject as unsupported by the record Talbot's contention that the Tax Court failed to consider his testimony.

We do not consider issues that were not raised in the opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.